# SUPREME COURT — EXTRAORDINARY TRIAL TERM — NEW YORK.

## September, 1921.

## THE PEOPLE v. EUGENE M. TRAVIS ET AL.

### (116 Misc. 537.)

(1) INDICTMENT—LARCENY—WHEN CANNOT BE PREDICATED ON THE SALE OF BONDS TO THE STATE.

Larceny cannot be predicated on a sale to the State of bonds for sinking fund purposes, because a charge in excess of the market price is made by the seller and agreed to by the State officer, and no number of reiterated occurrences of a similar nature, standing by themselves, would make out a criminal intent.

(2) SAME—INSUFFICIENT PROOF OF ANIMO FURANDI—NO CONSPIRACY BEING SHOWN, THE SELLER OF THE BONDS CANNOT BE HELD FOR LARCENY BECAUSE HE SOLD THE BONDS IN EXCESS OF THE MARKET VALUE.

Where on the hearing of a motion to set aside an indictment for grand larceny predicated as above indicated there is no proof or inference of gain to two of the three defendants who were State officers, the *animo furandi* must arise in proof of other circumstances claimed to be incriminating.

(3) SAME—EVIDENCE.

The proof as to such circumstances considered, and held not to establish as matter of law such facts as would justify a jury in concluding that there was the essential intent to steal the moneys of the State, in which all the defendants acted as *particeps criminis*.

MOTION to set aside indictments.

*Edward Swann, District Attorney (Robert Johnstone,* of counsel), for the People.

*Max D. Steuer,* for defendant Travis.

*Stanchfield & Levy (Siegfried F. Hartman,* of counsel), for defendant Wendell.

20

*Walter R. Herrick,* for defendant Judson.

McAvoy, J.:

If larceny cannot be predicated on a sale to the State of bonds for sinking fund purposes, because a charge in excess of the market price is made by the seller and agreed to by the State's officer, and I think that this proposition must be conceded, then no number of reiterated occurrences of a similar nature would make out a criminal intent standing by themselves. If there were proof of *lucri causa* the inference of guilt would be almost conclusive, at least sufficiently so for a finding of fact to be so made on the evidence at a trial. There being no proof or inference of gain to the defendants other than Judson, the *animo furandi* must arise in proof out of other claimed incriminating circumstances. These, as the minutes of the grand jury show, are principally the constant, almost exclusive employment of Judson to effect the purchase of the sinking fund bonds from dealers and their sale to the State, the failure to acknowledge the bids and requests of other dealers anent their offerings to sell or such perfunctory acknowledgments as indicated no funds, when such replies were not true, the methods of clearing the purchases through banking houses other than the sellers, the size of the profits, the method of withdrawal by Judson of the profits through checks converted into large sums of cash, the demand for surrender of letters and papers concerning one of the transactions from the brokers who cleared it, the communications to dealers to the effect that Judson was buying bonds as an agent of the comptroller and not as a principal in his own behalf for subsequent sale to the State. Do these proofs constitute as matter of law such facts as would justify a jury in concluding that there was the essential intent to steal these moneys from the State, in which Travis, Wendell and Judson acted as *particeps criminis?* It is my view that they do not. The activities of Wendell in the transactions on which the indictments are founded were such as to wholly

relieve him from any supportable charge of conduct indicative of criminality. The question of what the official conduct of Travis amounts to in law, whether a misfeasance or malversation in office arising to a neglect of duty or such favoritism as while not criminal would be punishable by removal from office, it is not now proper to determine. It is enough to say that the proof does not *prima facie* show a common-law or statutory larceny for which he was indicted. Judson's business in the dealings was that of a vendor of the bonds whose receipt of the funds of the State in exchange for the bonds was *bona fide,* unless it were the result of and in pursuance of a conspiracy to steal arranged with Travis and Wendell or either of them. He cannot be held for a larcenous taking because of securing a profit in excess of the market. The two counts each for auditing a false claim are not upheld by any other evidence than that supporting the larceny indictments, except the formal proof of the receipt of the claims with their contents and the issuance of the warrants for payment. The claims are not false if the facts upon which they were founded exist. That is that the sum was charged for the entities and that they were furnished. If the proof for falsity goes upon the lack of reasonableness in the charge as indicated by the market rate for the things furnished, the statute (Penal Law, § 1853) does not make a prohibition with sufficient precision to warrant holding the proof here has made out a violation thereof.

Indictments dismissed.